[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10581
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 31, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00177-CV-T-17-TBM

SHEILA OLIVIA DAVIS,

Plaintiff-Appellant,

versus

POLK COUNTY SHERIFF'S OFFICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 31, 2005)

Before DUBINA, BLACK and HULL, Circuit Judges.

PER CURIAM:

Sheila Olivia Davis, proceeding *pro se*, appeals the district court's dismissal of her amended complaint alleging discrimination and retaliation based on her race pursuant to Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a). The district court dismissed Davis's amended complaint *sua sponte* after determining Davis's claim was untimely because her EEOC charge was not filed within 300 days of the last discriminatory act, and was therefore frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[1] Davis asserts the district court abused its discretion when it dismissed her claim because her case was not untimely. She also seeks recusal of the district judge upon remand. We affirm the district court.

We review the dismissal "of an *in forma pauperis* action as frivolous under § 1915(e)(2)(B)(i) for abuse of discretion." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002). An action "is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

As an initial matter, the Polk County Sheriff's Office (Sheriff's Office) contends Davis's appeal is untimely. A notice of appeal in a civil case must be filed "within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). If a separate document is required by Federal Rule of Civil

---

[1]Davis also filed a motion to proceed *in forma pauperis* in the district court.

2

Procedure 58(a)(1), then the order is not entered until either the "judgment or order is set forth on a separate document" or 150 days have passed since the judgment or order was entered in the civil docket. Fed. R. App. P. 4(a)(7)(A)(ii).

The district court's order of dismissal with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) required a separate document. Since the order was entered on the docket on August 6, 2004, but not set forth on a separate document, it was not entered for the purposes of filing a notice of appeal until January 3, 2005. Davis's notice of appeal, filed either on January 27 or January 28, 2005, is therefore timely to appeal the district court's order of dismissal.

Davis's notice of appeal does not designate any order being appealed as required by Fed. R. App. P. 3(c)(1)(B). Because the requirements of Rule 3 are jurisdictional, *Smith v. Barry*, 112 S. Ct. 678, 682 (1992), we are obligated to review *sua sponte* whether Davis complied with Fed. R. App. P. 3(c)(1)(B). *See Finn v. Prudential-Bache Sec., Inc.*, 821 F.2d 581, 584–85 (11th Cir. 1987). A notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). Failure to abide by this requirement generally precludes us from reviewing any judgment or order not so specified. *McDougald v. Jenson*, 786 F.2d 1465, 1474 (11th Cir. 1986). However, we liberally construe this requirement "in favor of the appellant where the intent to

3

appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party." *Campbell v. Wainwright*, 726 F.2d 702, 704 (11th Cir. 1984).

Davis's notice of appeal reads, "Plaintiff is filing a NOTICE OF APPEAL to the UNITED STATES COURT OF APPEALS, ELEVENTH CIRCUIT, ATLANTA, GEORGIA." Davis's brief challenges the district court's finding that her charge was untimely. The Sheriff's Office's brief addresses the district court's order of dismissal, contesting the appeal's timeliness as well as briefing the merits of the issue. Davis evidenced an intent to appeal the dismissal of her amended complaint and the Sheriff's Office has not been prejudiced. Therefore, we have jurisdiction over Davis's appeal of the order dismissing her amended complaint.

A prerequisite to bringing suit under Title VII is the timely filing of a charge of discrimination. *Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001). 42 U.S.C. § 2005e-5(e)(1) sets out the amount of time a claimant has to file a charge with the EEOC.

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency

4

has terminated the proceedings under the State or local law, whichever is earlier . . . .

§ 2005e-5(e)(1).  Since Florida is a deferral state,[2] a charge must be filed within 300 days of the last discriminatory act.  *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002).

Davis alleged the most recent acts of discrimination occurred on or about May 1998, but she did not file charges with the EEOC until May or June 2003. Assuming Davis filed timely charges with the administrative agency, making the longer 300 day period applicable to her case, Davis cannot satisfy the prerequisite of a timely filed charge.  Since the district court did not err in concluding that Davis's EEOC charge was untimely, it did not abuse its discretion in dismissing her amended complaint.  Because we affirm the district court, we do not reach the issue of whether the district court judge should be recused.

AFFIRMED.

---

[2]Deferral states "prohibit the unlawful employment practice at issue and have established state or local authorities to grant or seek relief for such practice."  *Maynard*, 256 F.3d at 1262–63.