[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13610
Non-Argument Calendar

_____

D.C. Docket No. 3:07-cv-00351-RS-CJK

SHARON E. O'HARA,

Plaintiff-Appellant,

versus

UNIVERSITY OF WEST FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 6, 2012)

Before TJOFLAT, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

On August 21, 2007, Sharon O'Hara, proceeding *pro se*, brought this action against her former employer, University of West Florida ("UWF"), claiming unlawful employment discrimination (sexual harassment) and retaliation (termination of employment), in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.* On August 24, 2010, the District Court granted UWF's motion for summary judgment on O'Hara's retaliation claim.[1] On July 27, 2011, the court entered an order dismissing O'Hara's "case" as time-barred.

O'Hara appeals the court's judgment, arguing that the District Court erred (1) in granting UWF's motion for summary judgment on the retaliation claim because material issues of fact remained to be litigated, and (2) in dismissing her claims as untimely. We affirm the court's judgment on the ground that O'Hara's claims were time-barred.

As the District Court correctly stated in its July 27, 2011 order, 42 U.S.C. § 200e-5(e)(1) prescribes the time for the filing of a Title VII claim.

> A charge under this section shall be filed within one hundred and
> eighty days after the alleged unlawful employment practice occurred

---

[1] The court granted the motion on the retaliation claim, and subsequently dismissed her claim as stated in O'Hara's fifth amended complaint.

. . .except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier . . . . § 200e-5(e)(1).

Since Florida is a deferral state, a charge must be filed within 300 days of the last discriminatory act." *Davis v. Polk County Sheriff's Office*, 170 Fed.Appx. 598, 600 (11th Cir. 2005) (noting that deferral states prohibit the unlawful employment practice at issue and have established state or local authorities to grant or seek relief for such practice). The requirement, therefore, is that the "litigant has up to . . . 300 days after the unlawful practice happened to file a charge with the EEOC." *AMTRAK v. Morgan*, 536 U.S. 101, 109-110 (2002).

Order at 1-2. O'Hara filed her charge of discrimination with the Florida Commission on Human Relations on March 9, 2006. The 300-day period had thus begun on May 13, 2005. The discriminatory acts O'Hara alleged culminated on April 27, 2005, when UWF made the decision to have her work from her residence. As the court accurately stated, "from April 27, 2005, to the termination of her contract on September 29, 2005, [O'Hara] had no contact with . . . the alleged harassers. . . . Thus, all of the alleged misconduct occurred outside of the 300-day limitations period." *Id.* at 2-3.

AFFIRMED.

3