**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James RUSSO, Jr., Defendant-Appellant.**

**No. 84–3535
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 21, 1985.

Clyde M. Taylor, Jr., Tallahassee, Fla., for defendant-appellant.

Michael T. Simpson, Asst. U.S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before RONEY, FAY and JOHNSON, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a Rule 35 motion for reduction of sentence. Fed.R.Crim.P. 35. The Court lacks jurisdiction because the notice of appeal was untimely.

The district court denied the Rule 35 motion on June 8, 1984. On June 22, 1984 appellant filed a motion for reconsideration. On July 16, 1984 the motion was denied. A notice of appeal from the denial of the Rule 35 motion and the motion for reconsideration was filed on July 26, 1984.

A Rule 35 motion is a proceeding in the original criminal action in which a notice of appeal must be filed within ten days from the entry of the judgment or order appealed from. Fed.R.App.P. 4(b). *United States v. Guiterrez*, 556 F.2d 1217 (5th Cir.1977). This Court is without jurisdiction to review the district court's June 8, 1984 order denying the Rule 35 motion since appeal was not noticed therefrom until July 26, 1984.

A motion for reconsideration of the denial of a Rule 35 motion must be filed within the period of time allotted for the filing of a notice of an appeal in order to extend the time for filing a notice of appeal. *United States v. Cook*, 670 F.2d 46, 48 (5th Cir.), *cert. denied*, 456 U.S. 982, 102 S.Ct. 2255, 72 L.Ed.2d 860 (1982). *See United States v. Rothseiden*, 680 F.2d 96, 97 (11th Cir.1982). In this case, the motion for reconsideration would have been timely only if filed within ten days of the entry of judgment. Fed.R.App.P. 4(b). The judgment denying the Rule 35 motion was rendered on June 8. The June 22 motion for reconsideration filed over ten days after entry of the order was therefore untimely. Consequently, the motion for reconsideration does not extend the time for appeal from the Rule 35 denial, and this Court is without jurisdiction to review the district court's denial of the motion for reconsideration. *Cook*, 670 F.2d at 48–49. There is no reason to remand for a finding of excusable neglect since the appeal was not noticed until more than forty days after the date of the original judgment. Fed.R. App.P. 4(b). *See United States v. Shillingford*, 568 F.2d 1106, 1107 (5th Cir. 1978).

This Court has no jurisdiction to hear this appeal so it must be dismissed.

APPEAL DISMISSED.