30 F.3d 127
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Ramon TORRES-GONZALEZ, a/k/a REY, a/k/a EL LOCO, a/k/a Jorge
Santana, a/k/a Nelson Vargas, Defendant, Appellant.
 No. 94-1037
 United States Court of Appeals,
First Circuit.
 August 4, 1994.
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Carmen Consuelo Cerezo, U.S. District Judge ]
 Ramon Torres-Gonzalez on brief pro se.
 Jo Ann Harris, Assistant Attorney General, Geoffrey R. Greiveldinger, Acting Chief, and Hope P. McGowan, Trial Attorney, U.S. Department of Justice, on brief for appellee.
 D. Puerto Rico
 AFFIRMED.
 Before Torruella, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Ramon Torres-Gonzales appeals pro se from a district court order denying his motion for correction of his sentence pursuant to Fed. R. App. P. 35(a), as well as from the court's order denying his motion for reconsideration. We affirm.
 
 I.
 
 2
 The following facts are undisputed. Torres-Gonzales was named in twenty-four counts of a twenty-seven count indictment returned on November 1, 1990. The indictment charged him with conspiracy to possess with intent to distribute over five kilograms of cocaine, one hundred kilograms of marijuana, and one kilogram of heroin, see 21 U.S.C. Secs. 841(a)(1), 846; making false statements in passport applications, see 18 U.S.C. Sec. 1542; importing four hundred and seventy-five kilograms of cocaine into the United States, see 21 U.S.C. Secs. 952, 960 and 18 U.S.C. Sec. 2; possessing with intent to distribute the four hundred and seventy-five kilograms of cocaine, see 21 U.S.C. 841(a)(1) and 18 U.S.C. Sec. 2; failing to file United States Customs reporting forms with regard to the exportation of $100,000 in United States currency, see 31 U.S.C. Secs. 5316, 5322(b), and 18 U.S.C. Sec. 2; structuring cash transactions involving $100,000 in United States currency, see 31 U.S.C. Secs. 5313, 5324, and 18 U.S.C. Sec. 2; and continuing criminal enterprise, see 21 U.S.C. Sec. 848. Based on these charges, appellant faced a possible life sentence.
 
 
 3
 In December 1990 or January 1991, appellant agreed to be debriefed by the government. The preliminary agreement he entered into with the government provided that he was not entitled at that juncture to any "specific consideration" in exchange for providing a statement. Sometime in January or February 1991, then-prosecutor De Jesus informed defense counsel that, "at that moment," he was willing to recommend a fifteen-year term of imprisonment based on appellant's cooperation. When defense counsel later brought this statement to the attention of prosecutor Gil, lead counsel for the government, Gil informed him that the government would not make such a recommendation. By that time, prosecutor De Jesus was no longer involved in the case. On January 31, 1992, Torres- Gonzalez entered into a plea agreement with the government under which he agreed to plead guilty to the pre-Sentencing Guidelines offense of continuing criminal enterprise, and the government agreed to dismiss the remaining counts and to recommend eighteen years' imprisonment. The district court subsequently accepted appellant's guilty plea and, on May 11, 1992, sentenced him to eighteen years' imprisonment. Appellant did not directly appeal his conviction or sentence.
 
 
 4
 On August 6, 1993, appellant filed a motion to correct his sentence, pursuant to Fed. R. Crim. P. 35(a), based on the first prosecutor's "offer" to recommend fifteen years' imprisonment. Appellant also expressed great remorse for his actions and requested that the district court exercise its leniency to reduce the sentence to fifteen years. On August 12, 1993, the district court denied the motion. On October 25, 1993, appellant filed a motion for reconsideration of the denial of his Rule 35(a) motion, this time alleging that the plea agreement that he ultimately reached with the government was unconstitutionally coerced. On December 2, 1993, the district court denied the motion for reconsideration. This appeal followed.
 
 II.
 
 5
 On appeal, Torres-Gonzalez advances an argument based on contract principles. He concedes that, as a general rule, the government may unilaterally withdraw a plea offer before it has been approved by the district court. See Mabry v. Johnson, 467 U.S. 504, 506-08 (1984). However, he argues that the government is bound by such an offer if a defendant worsens his position in reliance on it. See United States v. Papaleo, 853 F.2d 16, 18-19 (1st Cir. 1988) (observing that due process concerns may arise when a defendant detrimentally relies upon a government promise and stating that plea agreements are governed by contract principles). Although the further details of his argument are not entirely clear, appellant appears to contend that the government initially promised him a lenient sentence in exchange for his cooperation and later agreed to recommend a "lenient," fifteen-year sentence based on his cooperation. He further argues that the government's promise to recommend a lenient sentence induced him to cooperate with the government by making a statement and by surrendering property. Consequently, he argues, he is entitled to specific performance by the government of its "promise" to recommend fifteen years' imprisonment.
 
 
 6
 At the outset, we observe that it is questionable whether we have jurisdiction over this appeal. Appellant's Rule 35(a) motion, filed on August 6, 1993, was denied on August 12, 1993. The time period for appealing from the denial of a Rule 35(a) motion is ten days. Fed. R. App. P. 4(b). Appellant's notice of appeal was not filed until December 17, 1993, obviously well beyond this ten-day period. Although a motion for reconsideration filed within the time period allotted for the filing of a notice of an appeal will extend the time for filing a notice of appeal, the October 25 motion for reconsideration was filed beyond the ten-day period and was therefore untimely. See United States v. Carr, 932 F.2d 67, 70 (1st Cir.), cert. denied, 112 S. Ct. 112 (1991); United States v. Russo, 760 F.2d 1229, 1230 (11th Cir. 1985). Consequently, the motion for reconsideration did not extend the time for appeal from the Rule 35(a) denial, and this court is also apparently without jurisdiction to review the district court's denial of the motion for reconsideration. See Russo, 760 F.2d at 1230.[1]
 
 
 7
 Arguably, appellant's October 25 motion advances a new ground to set aside his sentence and could be construed as a timely second Rule 35(a) motion or as a timely first motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. Sec. 2255.[2] Cf. United States v. Zuleta-Molina, 840 F.2d 157, 158 (1st Cir. 1988) (observing that the merits of a federal pro se prisoner's claims need not be circumscribed by the label attached to his pleadings). However, assuming without deciding that we have jurisdiction over the appeal from the denial of the October 25 motion, appellant faces a different hurdle. The detrimental reliance argument that appellant advances on appeal was not presented to the district court, and hence is deemed waived. See, e.g., Sandstrom v. Chemlawn Corp., 904 F.2d 83, 86 (1st Cir. 1990) (arguments not made to the district court are waived).
 
 
 8
 We add that, in any event, the arguments raised on appeal appear unavailing. We observe, first, that there is no support whatsoever in the record for appellant's claim that the prosecution initially promised him a lenient sentence. Even were we to assume that such a promise had been made, we would reject appellant's contention that the government breached this "promise" when it recommended an eighteen-year sentence instead of a fifteen-year sentence. Either recommendation was relatively lenient in comparison to the potential life sentence appellant faced.
 
 
 9
 Second, although it is undisputed that in January or February 1991, then-prosecutor De Jesus stated his willingness, "at that moment," to recommend fifteen years' incarceration, it is by no means clear that De Jesus' statement constituted a firm offer or promise to do so. See Santoni v. FDIC, 677 F.2d 174, 179 (1st Cir. 1982) (an estoppel claim must be supported by a definite and certain promise). Assuming, arguendo, that it did, appellant's detrimental reliance argument still fails. By his own admission and version of events, the cooperation which appellant claims was induced by De Jesus' "offer," was completed before any specific number of years was ever mentioned. Under the circumstances, it cannot be said that appellant relied upon any promise to recommend a specific term of incarceration.
 
 
 10
 Affirmed.
 
 
 
 [1]
 In light of our determination that appellant does not have a timely appeal from the denial of his August 6 motion, we need not address whether Rule 35(a) was an appropriate vehicle for this motion, or, relatedly, whether the motion was timely filed
 
 
 [2]
 Under the version of Rule 35(a) applicable to pre- Sentencing Guideline cases, the court "may correct an illegal sentence at any time." The government questions whether this rule is a source of authority to provide relief from a sentence allegedly imposed after an unconstitutionally coerced plea agreement. We need not decide whether such a sentence is an "illegal sentence" within the meaning of former Rule 35(a) because, as noted above, the motion could also be construed as a collateral attack on appellant's conviction, which also may be brought at any time. Cf. United States v. Flenory, 876 F.2d 10, 11 (3d Cir. 1989) (declining to decide whether Rule 35(a) is a source of authority to afford relief from breach of a plea agreement where the Rule 35(a) motion could be construed as a Sec. 2255 motion)