[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 20, 2005
THOMAS K. KAHN
CLERK**

_____

No. 04-15419
Non-Argument Calendar

_____

D. C. Docket No. 90-06158-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS ARRATE-RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 20, 2005)**

Before DUBINA, HULL and FAY, Circuit Judges.

PER CURIAM:

Jesus Arrate-Rodriguez appeals pro se the district court's denial of his motion for reconsideration of its order denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 505 to the sentencing guidelines. Arrate-Rodriguez argues that the district court abused its discretion by denying his motion without indicating that it had considered what the appropriate sentence would be after application of the Amendment. For the reasons stated more fully below, we affirm.

Arrate-Rodriguez was charged in a superseding indictment on the following counts: (1) conspiracy to import cocaine into the United States in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 963 (Counts 1-2); (2) conspiracy to murder or attempt to murder and cause bodily harm to a confidential informant with the intent to prevent him from testifying and providing information about a federal offense to law enforcement in violation of 18 U.S.C. §§ 1512(a)(1)(A) and 1513 (Count 3); (3) attempted murder of a confidential informant with the intent of preventing him from testifying in violation of 18 U.S.C. §§ 1512(a)(1)(A) and 1513(a)(2) (Count 4); and (4) attempting to cause bodily injury to a confidential informant with the intent to retaliate against him for providing information to federal authorities about the commission of federal offenses in violation of 18 U.S.C. §§ 1512(a)(1)(A), 1513(a)(2), and 1515(a)(4)(A) (Count 5). After a jury trial, Arrate-Rodriguez was convicted of Counts 1-3 and acquitted of Counts 4-5.

Based on the then-applicable version of the federal sentencing guidelines,[1] the probation officer determined Arrate-Rodriguez's base offense level to be 42 after finding that the offense involved more than 1,500 kilograms of cocaine. At the time of sentencing on October 16, 1992, 42 was the highest base offense level available on the drug quantity table. See U.S.S.G. § 2D1.1(c)(1) (Nov. 1, 1991). A four-level enhancement was added because Arrate-Rodriguez was found to be a leader in the conspiracy, having arranged for the transportation of more than 2,114 kilograms of cocaine from Colombia to Panama, with eventual arrival in the United States. His total adjusted offense level was set at 46; however, the highest offense level on the table was 43. U.S.S.G. Ch. 5, Pt. A-Sentencing Table (Nov. 1, 1991). With a base offense level of 43 and a criminal history category of I, his guideline sentence was life imprisonment.

Counts 1 and 2 carried a mandatory statutory range of 10 years to life imprisonment. Count 3 required a sentence of 0 to 5 years. The district court ultimately sentenced Arrate-Rodriguez to life on Counts 1 and 2, and 60 months' on Count 3, to run concurrently. His convictions and sentences were affirmed on direct appeal.

The record reflects that, on April 1, 1997, Arrate-Rodriguez filed an initial

---

[1] The PSI does not indicate what edition was used, but presumably it was the 1991 or 1992 version, as the sentence was imposed on October 16, 1992.

motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) based on Guideline Amendment 505, which reduced the upper limits of the drug quantity table at § 2D1.1.[2] No action appears to have been taken with regard to that motion.

However, on January 20, 2004, Arrate-Rodriguez signed and filed a similar motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that Amendment 505, which was given retroactive effect under U.S.S.G. § 1B1.10(c), his base offense level under the drug quantity table had changed from 42 to 38. Arrate-Rodriguez asked the court to consider his new guidelines range of 235 to 293 months in light of the Amendment, as well as to consider the § 3553(a) factors, noting that he had received his General Equivalency Diploma, had applied himself in a factory organization, and was nearly 60 years' old.

On May 3, 2004, the government filed its response, and conceded that Arrate-Rodriguez had correctly identified an Amendment that could result in a reduced sentence. It argued, however, that even at the reduced base offense level of 38 for drug quantity, an additional four-level enhancement was still required for Arrate-Rodriguez's leadership role, for a total adjusted offense level of 42. Thus, it argued that, even if the court granted the relief sought, Arrate-Rodriguez would be subject to a guidelines range of 360 months' to life imprisonment. Next, the

---

[2] The maximum base offense level was revised to provide a limit of 38 for 150 kilograms or more of cocaine. U.S.S.G. App. C, amend. 505 (Nov. 1, 1994).

government argued that the § 3553(a) factors counseled against granting Arrate-Rodriguez the discretionary relief under § 3582(c)(2) because a life sentence best reflected the circumstances of the offenses and the seriousness of the amount of drugs involved, 2,114 kilograms, which was roughly 13 times the amount required to trigger a base offense level of 38.

On May 7, 2004, the district court denied Arrate-Rodriguez's motion for a reduction of sentence stating that, "[a]fter review of the Motion and the Government's Response thereto," the motion was denied.  Later, on May 18, 2004, Arrate-Rodriguez filed an opposition brief to the government's response, arguing for the first time that the drug quantity in his case was not proven to a jury in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and further arguing that he was not guilty of conspiracy to murder an informant. On August 26, 2004, Arrate-Rodriguez filed a petition for mandamus in this Court requesting that we direct the district court to rule on either his April 1997 or January 2004 motion for a reduction of sentence, neither of which, he stated, had been decided.  The mandamus petition was denied on September 15, 2004, with this Court finding that (1) the district court had timely ruled on Arrate-Rodriguez's motion four months after he had filed it, and (2) the motion had been ruled upon when his petition for mandamus was filed, rendering it moot.

On September 22, 2004, approximately four months after the court denied

his § 3582(c)(2) motion, Arrate-Rodriguez signed and filed a motion for reconsideration of the district court's denial of his motion for a sentence reduction, arguing that (1) he had waited seven years and filed a mandamus petition to receive a ruling on his initial motion; (2) the government erroneously stated that a confidential informant was murdered; (3) Amendment 505 applied retroactively to lower his base offense level; (4) he was a father of two boys and never before had been involved in any crime; and (5) if the court reduced his offense level, his sentence would be reduced to only 30 years, which would permit him to be released in his mid-80's.

The district court, after reviewing "the Motion, the record and being fully advised in the premises," denied Arrate-Rodriguez's motion in an order entered on October 5, 2004. Arrate-Rodriguez then signed, on October 11, 2004, a notice of appeal from the "Order entered on October 4, 2004, denying Petitioner's motion for Reconsideration of the Court's decision to Deny the Petitioner's motion for Reduction of Sentence."

On appeal, Arrate-Rodriguez argues that the district court abused its discretion by denying his motion to reduce his sentence and his motion for reconsideration without indicating that it had considered what the appropriate sentence would be, as required under 18 U.S.C. § 3582(c)(2). He further argues that the court abused its discretion by not indicating what § 3553(a) factors it

6

considered relevant to denying his motion. Finally, Arrate-Rodriguez argues that government has inflamed the case by continuing to state that he was involved in a murder of a confidential informant, and that granting his sentence reduction would result in a sentence of 30 years, permitting him to be released in his mid-80's. In response, the government argues that the motion was properly denied because it was untimely filed and, thus, the district court had no jurisdiction to consider it.

We will examine a district court's jurisdiction over an action even when the district court does not address those jurisdictional issues. See, e.g., United States v. Alabama, 791 F.2d 1450, 1454 (11th Cir. 1986); Edge v. Sumter County Sch. Dist., 775 F.2d 1509, 1513 (11th Cir. 1985). Questions of jurisdiction are reviewed de novo. See Milan Express, Inc. v Averitt Express Inc., 208 F.3d 975, 978 (11th Cir. 2000).

First, to the extent Arrate-Rodriguez requests that we review the district court's denial of his § 3582(c)(2) motion, we have no jurisdiction to do so. In the instant case, the district court denied Arrate-Rodriguez's motion on May 7, 2004, and the order was entered on the docket on May 10, 2004, giving Arrate-Rodriguez 10 days in which to appeal. (See R2-341; Dkt. Sheet); Fed.R.App.P. 4(b)(1)(A)(i). The notice of appeal was signed and filed months later on October 11, 2004, and was untimely to appeal the § 3582(c)(2) denial unless the time was extended. (R2-354).

7

Although not expressly authorized by the rules, a motion for rehearing or reconsideration of the final judgment or other appealable order in a criminal proceeding will extend the time for filing a notice of appeal if such motion is filed within the period allotted for filing a notice of appeal. See United States v. Dieter, 429 U.S. 6, 8-9, 97 S.Ct. 18, 19-20, 50 L.Ed.2d 8 (1976). Arrate-Rodriguez signed and filed a motion for reconsideration of the district court's order denying his motion for a sentence reduction on September 22, 2004. (R2-359). This far exceeded the time in which to file a notice of appeal from the denial on May 7, 2004, and, therefore, cannot serve to extend the time for filing an appeal of the district court's order. Thus, we lack jurisdiction to review the district court's denial of Arrate-Rodriguez's motion for a reduction of his sentence. See United States v. Russo, 760 F.2d 1229, 1230 (11th Cir. 1985) (holding that this Court lacked jurisdiction to review a Fed.R.Crim.P. 35 motion to reduce sentence because the notice of appeal/motion for reconsideration was not timely filed).

Arrate-Rodriguez states in his brief that he did not receive notice that the district court had ruled on his motion and entered an order until we issued our denial of his petition for a writ of mandamus. While Fed.R.App.P. 4(a)(6)(B) provides a specific form of relief in civil cases based upon a lack of notice, Rule 4(b), covering criminal appeals, does not contain a similar provision. Any relief available under Rule 4(b) is limited to what an appellant might be granted based

8

upon excusable neglect or good cause.  See Fed.R.App.P. 4(b)(4); see also

Fed.R.Crim.P. 49(c).[3]  Rule 4(b)(4) permits a district court, upon a finding of

excusable neglect or good cause, to extend the time to file a notice of appeal for a

period not to exceed 30 days from the expiration of the time otherwise prescribed

by Rule 4(b).[4]  See Fed.R.App.P. 4(b)(4).  Therefore, Arrate-Rodriguez had 40

days from the entry of the order in which to file for an extension of time in which

to appeal or file a motion for reconsideration.  The order was entered on May 10,

2004, and Arrate-Rodriguez did not sign a motion for reconsideration until

September 22, 2004, almost 140 days later.  Thus, we are not authorized to review

the order denying the motion for reduction of sentence.

As to the district court's denial of Arrate-Rodriguez's motion for

reconsideration, his notice of appeal of that order was timely filed in this Court, as

the district court entered a order denying his motion on October 5, 2004, and

Arrate-Rodriguez's notice of appeal was signed and filed on October 11, 2004.

---

[3] "When the court issues an order on any post-arraignment motion, the clerk must provide notice in a manner provided for in a civil action.  Except as Federal Rule of Appellate Procedure 4(b) provides otherwise, the clerk's failure to give notice does not affect the time to appeal, or relieve–or authorize the court to relieve–a party's failure to appeal within the allowed time."

[4] It is noted that Arrate-Rodriguez is also not entitled to any relief under Federal Rule of Civil Procedure 60(b), which can be used in certain civil cases to set aside a judgment, but not in a criminal proceeding, such as the one in the instant case.  See United States v. Fair, 326 F.3d 1317, 1317 (11th Cir. 2003) (holding that Rule 60(b) cannot provide any relief from the district court's judgment on an 18 U.S.C. § 3582 motion because § 3582 actions are criminal in nature, and Rule 60(b) is applicable only to civil proceedings).

(R2-351, 354).

However, the actual filing of his motion for reconsideration was not timely in the district court because it was filed more than 10 days after the district court entered its judgment. Because it was filed more than ten days after judgment, the district court lacked jurisdiction to consider it. The criminal rules do not explicitly provide for rehearing or reconsideration of a criminal judgment; however, the Supreme Court has allowed such motions. See United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982) citing United States v. Robinson, 361 U.S. 220, 225, 80 S.Ct. 282, 286, 4 L.Ed.2d 259 (1960) and Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). These motions are within the district court's jurisdiction to consider, but only if timely filed. As we stated in Russo, the "motion for reconsideration . . . filed over ten days after entry of the order was therefore untimely." Russo, 760 F.2d at 1230, citing United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982) (holding that an untimely petition for a rehearing/reconsideration of a motion in a criminal case was beyond the district court's jurisdiction).

In Cook, the Fifth Circuit persuasively held that it was "well established that in criminal proceedings, petitions for rehearing of orders affecting final judgment are timely filed if made within the period allotted for the noticing of an appeal." Cook, 670 F.2d at 48; see also United States v. Miller, 869 F.2d 1418, 1420-21

(10th Cir. 1989) (citing <u>Cook</u> and persuasively holding that a motion to reconsider the denial of a new trial under Fed.R.Crim.P. 33 is timely only if filed within ten days of the entry of the judgment or order and trial court otherwise loses jurisdiction).  Accordingly, Arrate-Rodriguez's motion for reconsideration, filed months after the entry of the district court's order and judgment, was untimely, and, therefore, the district court lacked jurisdiction to consider it.

Furthermore, like in <u>Russo</u>, it is unnecessary for a remand on the issue of excusable neglect, as the appeal in this case was more than 40 days after the date of the original judgment.  <u>Russo</u>, 760 F.2d at 1330.  Therefore, while the district court did not expressly dismiss Arrate-Rodriguez's motion for reconsideration for lack of jurisdiction, we affirm the district court's decision on the ground that it lacked jurisdiction to entertain the motion for reconsideration.[5]

**SO ORDERED.**

---

[5] Accordingly, Arrate-Rodriguez's motion to have this Court consider 30 character letters, which we construe as a motion to supplement the record on appeal, is denied as moot.