[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2010
JOHN LEY
CLERK

No. 09-11723
Non-Argument Calendar

_____

D. C. Docket Nos. 06-60951-CV-FAM, 02-60069-CR-FAM

VINCENT LEE FERGUSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 16, 2010)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Vincent Lee Ferguson, proceeding pro se, appeals the district court's denial of his motion entitled "Motion to Reopen and Request For Return of Property Base (sic) On Counsel For The Government Misrepresentation To the Court and Witnesses Perjury Statements."  No reversible error has been shown; we affirm.

In July 2003, Ferguson was sentenced on two narcotics trafficking counts. We affirmed Ferguson's conviction and sentence.[1]  In June 2006, Ferguson filed a pro se motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255; that motion was denied in December 2006.  Shortly thereafter, Ferguson moved for the return of property under the same case number as his section 2255 action; that motion was denied on 30 January 2007.  More than two years later, on 2 February 2009, Ferguson filed the instant motion to reopen: he argued that the government knowingly presented false and fabricated evidence to the district court in its response to his December 2006 motion for return of property.  Ferguson argues that the government's fraudulent acts authorize reopening consideration of

_____

[1]We first affirmed in January 2005.  The Supreme Court vacated our decision and remanded for further consideration in the light of United States v. Booker, 125 S.Ct. 738 (2005). We reaffirmed upon reconsideration in March 2006.

2

his motion.

Although Ferguson fails to cite a rule that would authorize the district court to reconsider, we will assume that he relies on Rule 60(b) of the Federal Rules of Civil Procedure.[2] Under Rule 60(b)(3), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," provided the Rule 60(b)(3) motion is made within a reasonable time but "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c)(1).

Ferguson's motion for reconsideration was filed more than two years after his motion for return of property was denied; his motion was untimely filed.[3]

AFFIRMED.

---

[2]It is unclear whether Ferguson's motion for return of property was civil or criminal in nature. A motion for reconsideration in a criminal proceeding is timely if filed within the time frame for filing a notice of appeal. See United States v. Russo, 760 F.2d 1229, 1230 (11th Cir. 1985) ( addressing denial of motion for reconsideration of denial of Fed.R.CrimP. 35 motion). And at the time Ferguson's motion for return of property was denied, a notice of appeal in a criminal proceeding was required to be filed within 10 days of the entry of either the judgment or the order being appealed. Fed.R.App.P. 4(b)(1)(A)(i). Because Rule 60(b) -- applicable to civil proceedings -- allows a broader time frame for filing a motion for reconsideration, we assume Ferguson relies on Rule 60(b).

[3]We note that the facts upon which Ferguson bases his allegations of fraud in support of his 2009 motion to reconsider were known to him when his motion for return of property was denied in 2007.