[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13929
Non-Argument Calendar
_____

D.C. Docket No. 3:08-cr-00001-DHB-BKE-23

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROY BURNS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(March 19, 2015)

Before MARCUS, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Roy Burns, a federal prisoner proceeding pro se, appeals from the district court's denial of his second motion to reconsider the denial of his motion to compel the government to file a Fed.R.Crim.P. 35(b) or 18 U.S.C. § 3553(e)

motion for substantial assistance.  On appeal, Burns argues that the district court abused its discretion in rejecting his motion to compel the government to file a motion for a reduced sentence for his substantial assistance and two subsequent motions for reconsideration.  After careful review, we affirm.

First, we must consider the scope of our jurisdiction over the appeal.  We review de novo whether a criminal appeal should be dismissed as untimely. United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012).  We review the district court's denial of a motion for reconsideration for abuse of discretion. United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004).  "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

A criminal defendant has 14 days following entry of judgment to appeal from the judgment.  Fed.R.App.P. 4(b)(1)(A).   Nevertheless, under Fed.R.App.P. 4(b)(4), a district court may, on its own or upon a motion, grant an extension of time to appeal for up to 30 days following the expiration of the initial appeal period, based on a finding of excusable neglect or good cause.  Fed.R.App.P. 4(b)(4).  If a criminal defendant's notice of appeal is filed more than 30 days after the expiration of the initial 14-day appeal period, then the defendant is not eligible for relief under Rule 4(b)(4).  United States v. Lopez, 562 F.3d 1309, 1314 (11th

Cir. 2009).    Rule 4(b)'s filing deadline is not jurisdictional, but rather, is considered a claims-processing rule, and the government can waive an objection to an untimely notice of appeal in a criminal case.  Id. at 1312-13.  Nevertheless, if the government raises the issue of timeliness, as the government does in its appellee's brief, then we "must apply the time limits of Rule 4(b)."  Id. at 1314.

A motion for reconsideration in a criminal case of the denial of a Rule 35(b) motion must be filed within the period of time allotted for filing a notice of appeal in order to extend the time for filing the notice of appeal.  United States v. Russo, 760 F.2d 1229, 1230 (11th Cir. 1985).  Otherwise, we are without jurisdiction to review the order denying the Rule 35(b) motion.  Id.

Under § 3553(e), U.S.S.G. § 5K1.1, and Rule 35(b), the government has "a power, not a duty, to file a motion [for a reduced sentence] when a defendant has substantially assisted."  Wade v. United States, 504 U.S. 181, 185 (1992); see United States v. McNeese, 547 F.3d 1307, 1309 (11th Cir. 2008) (applying Wade to Rule 35(b) motions).  Accordingly, the government's decision to file a motion based on substantial assistance is discretionary and, in general, its refusal to move for a reduction in sentence is not subject to judicial review.  United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000).  If, however, the defendant alleges and makes a threshold showing that the government's refusal to file a motion for a reduced sentence was based on an unconstitutional motive or breached a plea agreement, an

3

evidentiary hearing and relief may be appropriate. Wade, 504 U.S. at 185-86 (unconstitutional motive); United States v. Gonsalves, 121 F.3d 1416, 1419-20 (11th Cir. 1997) (breach of plea agreement). A Rule 35(b) movant "is only entitled to an evidentiary hearing when he offers facts which, if proven, would establish the illegality of the sentence or a gross abuse of discretion in failing to reduce the sentence." United States v. Winfield, 960 F.2d 970, 972 (11th Cir. 1992).

Generalized allegations do not rise to the level of a threshold showing of an unconstitutional motive and cannot provide the basis for a hearing or a remedy. Wade, 504 U.S. at 186. Thus, judicial review is appropriate on a Rule 35(b) motion, that is discretionary in nature, only when "there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." United States v. Forney, 9 F.3d 1492, 1501-02 (11th Cir. 1993). We will only analyze the failure to comply with the plea agreement under contract principles if the government explicitly promised to file a Rule 35(b) motion. Id. at 1499-1500 n.2.

For starters, Burns's appeal of the district court's denial of his motion to compel the government to file a motion for a reduced sentence for his substantial assistance and his first motion for reconsideration are untimely. As the record reveals, he did not file his notice of appeal within the time limits of Fed.R.App.P.

4

4(b)(1)(A), (4). Thus, we only have appellate jurisdiction over his second motion for reconsideration.

Assuming such a motion is cognizable in district court, there is no merit to Burns's claim because he failed to make a threshold showing that the government's failure to file a motion for a reduced sentence for his substantial assistance was based on an unconstitutional motive or that the government breached his plea agreement. Wade, 504 U.S. at 185-86; Gonsalves, 121 F.3d at 1419-20. First, as for Burns's argument that the district court should have applied contract principles to find that the government breached the plea agreement, the language of the plea agreement clearly establishes that the government had discretion to determine whether to file a motion for a reduced sentence. Forney, 9 F.3d at 1499-1500 n.2. Nor is there any allegation that the government's refusal to file the motion was based on an unconstitutional motive like race or religion. Id. at 1501-02. Rather, the evidence shows that the government refused to file the motion because of Burns's poor history on supervised release and his criminal record, and because his assistance only resulted in the arrests of two minor players. Moreover, the facts submitted by Burns to support a Rule 35(b) motion did not establish the illegality of the sentence or a gross abuse of discretion, which would warrant a reduced sentence. Winfield, 960 F.2d at 972.

**AFFIRMED**.