[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  20-10375
Non-Argument Calendar
_____

D.C. Docket No. 6:04-cr-00104-JA-LRH-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BENNIE C. RIVERA,
a.k.a. Mario Quinones,
a.k.a. Carlos Alberto Quinones,

Defendant - Appellant.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 31, 2020)

Before  GRANT, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

Bennie Rivera, proceeding *pro se*, appeals the District Court's two orders (1) denying his motion for relief under the First Step Act and (2) denying his motion for reconsideration. The Government has responded by moving to dismiss the appeal as untimely, for summary affirmance, and to stay the briefing schedule.

## I.

The Government's motion to dismiss this appeal as untimely is GRANTED to the extent Rivera seeks review of the District Court's October 22, 2019 order denying his motion to reduce his sentence under the First Step Act. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing that the time for a defendant to appeal in a criminal case is 14 days). Because the government has raised the issue of timeliness and invoked the rule as to that order, "we must apply the time limits of Rule 4(b)." *United States v. Lopez*, 562 F.3d 1309, 1314 (11th Cir. 2009). Rivera's motion for reconsideration is dated November 28, 2019, 37 days after the Court's order. Filing a motion for reconsideration can extend the Rule 4(b) time for appeal until the Court rules on the motion, but only if the motion is filed within 14 days of the order being reconsidered. *See United States v. Russo*, 760 F.2d 1229, 1230 (11th Cir. 1985) ("A motion for reconsideration of the denial of a Rule 35 motion must be filed within the period of time allotted for the filing of a notice of an appeal in order to extend the time for filing a notice of appeal."). Because

2

Rivera did not file his motion within that time, his eventual appeal of the District Court's order — mailed January 24, 2020 — is untimely.[1]

## II.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]  An appeal is frivolous if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).

The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between cocaine base and powder cocaine offenses.  Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2(a)-(b); 124 Stat. 2372.  Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50

---

[1] Rivera's appeal of the Court's second order, which denied Rivera's motion for reconsideration on January 3, 2020, is also untimely, as the appeal was filed 21 days later. However, because the delay falls within the 30-day window within which a District Court may extend time to file a notice of appeal if excusable neglect or good cause is shown, Fed. R. App. P. 4(b)(4), the Government instead argues that the order should be summarily affirmed because Rivera's arguments are plainly without merit.  This would obviate the need to remand the case to determine whether Rivera can demonstrate excusable neglect.  *See* 11th Cir. R. 42-4. ("If it shall appear to the court at any time that an appeal is frivolous and entirely without merit, the appeal may be dismissed.").

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the creation of the Eleventh Circuit on September 30, 1981.

grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams. *Id.* § 2(a)(1)-(2); *see also* 21 U.S.C. §§ 841(b)(1)(A)(iii), (B)(iii). These amendments were not made retroactive to defendants who were sentenced prior to the enactment of the Act. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).

In 2018, Congress enacted the First Step Act, which makes retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194. Under § 404(b) of the First Step Act, a district court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id.* § 404(b). Under § 404(a), a "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." *Id.* § 404(a). The First Step Act further provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c).

There is no question that Rivera is ineligible for relief under the First Step Act because the offense for which he was sentenced is not a "covered offense" under the Act. *Id.* § 404(a). The First Step Act and, by extension, the Fair

4

Sentencing Act only address the sentencing disparity between cocaine base and powder cocaine offenses. *See id.* § 404(b); 21 U.S.C. § 841(b)(1). Neither provision allows for reduced sentences for convictions concerning heroin, which is the conviction Rivera is currently serving.[3]

There is no substantial question as to the outcome of the case, and the Government's position is correct as a matter of law. *See Groendyke*, 406 F.2d at 1162. Accordingly, the Government's motion for summary affirmance is GRANTED and its motion to stay the briefing schedule is DENIED as moot.

---

[3] Rivera argues that the First Step Act nonetheless applies because his mandatory minimum sentence was increased due to a 1994 conviction for conspiracy to possess with intent to distribute 5 grams of crack cocaine — a "covered offense." *See* 21 U.S.C. § 841(b)(1)(A); First Step Act § 404(a); Fair Sentencing Act § 2(a)(2). Rivera is incorrect; nothing in the text of the First Step Act extends the retroactive effect of the Fair Sentencing Act to covered offenses that are used as sentencing enhancements for non-covered offenses. *See* First Step Act § 404(b) ("A court that imposed a sentence *for a covered offense* may . . . impose a reduced sentence as if sections 2 and 3 of the [Fair Sentencing Act] were in effect at the time the covered offense was committed.") (emphasis added).