[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12980

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JACOBO FELICIANO-FRANCISCO,
a.k.a. Uriel Castillo-Ochoa,
a.k.a. Kiko,

Defendant-Appellant.

_____

Appeal from the United States District Court

for the Northern District of Florida

D.C. Docket No. 5:13-cr-00032-RH-EMT-1

_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

The district court denied Jacobo Feliciano-Francisco's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Feliciano-Francisco then filed with the district court a notice of intervening authority, which we construe as a motion for reconsideration. The district court entered an order explaining why the new authority didn't affect its original order and stating that "no action will be taken." Feliciano-Francisco appeals that second order. In particular, he argues that his intervening authority—*Concepcion v. United States*, 142 S. Ct. 2389 (2022)—overruled *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021). The government responds that *Bryant* isn't relevant to the district court's original order. We agree and summarily affirm.[1]

Before it may grant a reduction under § 3582(c)(1)(A), a district court must find that three necessary conditions are satisfied:

---

[1] We review the denial of a motion for reconsideration for an abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

(1) "support in the § 3553(a) factors," (2) "extraordinary and compelling reasons," and (3) "adherence to § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021). The absence of any single condition forecloses a sentence reduction.

Here, the district court's original order focused on the *first* of these conditions. Reconsidering the § 3553(a) factors, the court decided "as a matter of discretion that Mr. Feliciano's sentence should not be reduced at this time."

The district court refrained from deciding the second or third conditions. The court mentioned that *Bryant* was unfavorable to Feliciano-Francisco on the third, "policy statement" condition, but it expressed the view that future events might overturn or override *Bryant*. Importantly, though, rather than stay the proceeding pending any such developments, the court proceeded to deny relief because, in its words, even if Feliciano-Francisco satisfied the third condition, "the motion to reduce this sentence would be denied anyway."

Feliciano-Francisco's argument in his intervening-authority filing didn't challenge the district court's determination that the first condition wasn't satisfied. Instead, he argued that *Concepcion* overruled *Bryant*. But arguments about the *third* condition are irrelevant to the district court's decision, which, by its terms, was based on the *first* condition.

The district court, therefore, correctly denied the motion for reconsideration. Because the government's position on appeal is

4                    Opinion of the Court                    22-12980

correct as a matter of law, its motion for summary affirmance is GRANTED.

    **AFFIRMED**.[2]

---

[2] We don't understand Feliciano-Francisco to have appealed the district court's original order. To the extent he did, his appeal was untimely. Even assuming the district court would have granted an extension for "excusable neglect or good cause," Fed. R. App. P. 4(b)(4), Feliciano-Francisco had 44 days to appeal. *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (holding that criminal appeal timelines apply to § 3582(c) motions; Fed. R. App. P. 4(b)(1)(A)(i). He noticed this appeal more than 70 days after the original order. Motions for reconsideration like his—*i.e.*, those filed after 14 days, even if before 44 days—do not toll this time period. *United States v. Russo*, 760 F.2d 1229, 1230 (11th Cir. 1985) (per curiam).