Calvin CAMPBELL, et al., Plaintiffs-Appellants, Cross-Appellees,

v.

Louie L. WAINWRIGHT, et al., Defendants-Appellees, Cross-Appellants.

Calvin CAMPBELL, et al.,
Plaintiffs-Appellees,

v.

Louie WAINWRIGHT, etc., et al.,
Defendants-Appellants.

Nos. 82-5990, 82-6068
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 9, 1984.

Patterson & Traynham, Ben R. Patterson, Tallahassee, Fla., for plaintiffs-appellants, cross-appellees.

James A. Peters, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for defendants-appellees, cross-appellants.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

GODBOLD, Chief Judge:

This case involves a class action brought on behalf of all present and future inmates of Florida penal institutions challenging the constitutionality of Florida's "pay as you stay" statute. Fla.Stat.Sec. 944.485. The district court held that the statute violated the due process clause of the fourteenth amendment and the fifth amendment right against self-incrimination. Defendants appealed.[1] Plaintiff-appellees (hereinafter "Campbell") move to dismiss the appeal because of defendants-appellants' (hereinafter Wainwright, Greadington and Lewis) failure to file a timely notice of appeal.[2]

The chronology of this case is fairly complicated. Judgment was entered June 18, 1982. Campbell served a motion to alter or amend the judgment on June 28. Wainwright and Greadington filed notice of appeal July 15. The district court denied the motion to alter or amend August 26. Campbell filed notice of appeal September 22. September 23 the court ordered that all sums collected under the challenged statute be placed in an interest bearing account during the pendency of the appeal. October 4 Lewis filed notice of appeal from the September 23 order. October 12 the district court entered an order awarding Campbell attorneys' fees under 42 U.S.C. Sec. 1988. Wainwright, Greadington and Lewis filed notice of appeal from the order awarding attorneys' fees October 19. January 26, 1983, this court granted Lewis's unopposed motion to withdraw his October 4 appeal.

■ Campbell contends that the appeal from the judgment striking down Florida's "pay as you stay" statute must be dismissed because notice of appeal was not timely filed. Under FRAP 4(a) notice of appeal in a civil case must be filed within 30 days of entry of the judgment or order from which the appeal is taken. The 30-day time limit .

is "mandatory and jurisdictional." *Browder v. Director, Illinois Department of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978). Running of the time for filing notice of appeal may be tolled by a timely motion filed in the district court to alter or amend the judgment. Fed.R.Civ.P. 59(e); FRAP 4(a)(4). Under FRAP 4(a)(4):

> A notice of appeal filed before the disposition of ... [a Rule 59 motion to alter or amend judgment] shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

Thus, a notice of appeal is ineffective if it is filed while a timely Rule 59 motion is still pending. *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 60, 103 S.Ct. 400, 403, 74 L.Ed.2d 225, 229 (1982). As the Supreme Court recently stated:

> Under the plain language of the current rule, a premature notice of appeal "shall have no effect;" a new notice of appeal "must be filed." In short, it is as if no notice of appeal were filed at all and if no notice of appeal was filed at all, the Court of Appeals lacks jurisdiction to act.

*Id.* 459 U.S. at 61, 103 S.Ct. at 403, 74 L.Ed.2d at 230.

■ In the present case Wainwright and Greadington's July 15 notice of appeal was ineffective because it was filed while Campbell's Rule 59(e) motion was pending. In an effort to salvage his appeal Wainwright argues that the notice of appeal requirement was met by either (1) Campbell's September 22 notice of appeal; or (2) Lewis's October 4 notice of appeal; or (3) Wainwright, Greadington and Lewis's October 19 notice of appeal from the order awarding attorneys' fees. We consider each of these arguments in turn.

1. Defendants include Louie L. Wainwright, individually and in his official capacity as Secretary of the Florida Department of Corrections; Barbara Greadington, in her official capacity as Chairperson of the Florida Parole and Probation Commission; and Gerald Lewis, in his official capacity as Comptroller of the State of Florida.

2. The motion to dismiss is limited to No. 82–5990. Campbell does not contend that the appeal from the order awarding attorneys' fees, No. 82–6068, is not properly before this court.

■ Having prevailed in the district court, Campbell filed a notice of appeal out of "an abundance of caution" to protect his right to challenge unnecessary adverse findings in the final judgment. (Should this court dismiss Wainwright's appeal Campbell requests that his cross-appeal be dismissed as well.) Campbell's timely notice gave this court jurisdiction over his appeal. Although Campbell's appeal is properly before us, Wainwright cannot use it as a vehicle for launching his own attack upon the judgment. While a party may raise any argument in support of a judgment, a party who has not appealed may not enlarge his rights under the judgment or diminish those of the opposing party. In *U.S. v. American Railway Express Co.*, 265 U.S. 425, 435, 44 S.Ct. 560, 563, 68 L.Ed. 1087 (1924), the Supreme Court stated:

It is true that a party who does not appeal from a final decree of the trial court cannot be heard in opposition thereto when the case is brought here by the appeal of the adverse party. In other words, the appellee may not attack the decree with a view either to enlarging his own rights thereunder or of lessening the right of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below.

Wainwright seeks the reversal of the judgment below. Having failed to perfect his own appeal, he cannot use Campbell's appeal to destroy the ruling in Campbell's favor. Wainwright's attempt to hitch a ride on his adversary's notice of appeal must fail.

Wainwright contends that Lewis's October 4 notice of appeal should be construed as a legally sufficient notice of intent to appeal the June 18 judgment. We need not decide whether the notice of appeal would support such a liberal construction because this court has already dismissed the appeal at Lewis's request. The voluntary dismissal precludes defendants from using the October 4 notice to salvage their appeal.

Wainwright argues that the notice of appeal from the attorneys' fees award "ampli-fies" the defendants' intention to appeal the June 18 judgment. There is no question that Wainwright intended to appeal the district court judgment; the issue is whether he fulfilled the *jurisdictional* requirement of filing timely notice of appeal.

■ The October 19 notice stated: "Defendants Wainwright, Greadington, and Lewis herein file their notice of appeal of this court's order dated October 8, 1982." The October 8 order awarded Campbell attorneys' fees under 42 U.S.C. Sec. 1988. FRAP 3(c) provides that the notice of appeal "shall designate the judgment, order or part thereof appealed from." This provision has been liberally construed in favor of the appellant where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party. *C.A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir.1981). The party who makes a simple mistake in designating the judgment appealed from does not forfeit his right of appeal where the intent to pursue it is clear. *Kicklighter v. Nails by Jannee, Inc.*, 616 F.2d 734, 738–39 n. 1 (5th Cir.1980). In the present case, despite this policy of liberal construction, the October 19 notice cannot be construed as an effective notice of appeal from the June 18 judgment because the time for appeal from that judgment had long since passed.

Wainwright implies that considering all of the circumstances this court should find that the notice of appeal requirement was effectively fulfilled. There is no "totality of the circumstances" test for the notice of appeal requirement. The Supreme Court has held that a timely notice of appeal is both mandatory and jurisdictional. *Browder*, 434 U.S. at 264, 98 S.Ct. at 560. Wainwright has failed to fulfill a jurisdictional requirement.

The appeal in case No. 82–5990, the merits appeal, is DISMISSED. Campbell's cross-appeal in No. 82–5990 is DISMISSED.

The appellants have filed a motion to vacate both judgments and remand to the district court on the ground that 28 U.S.C.

Sec. 636(c), which allows magistrates with the consent of the parties to conduct civil trials and enter judgments, is unconstitutional. We have no jurisdiction to consider this motion in No. 82–5990 because, as explained above, we have no jurisdiction over that appeal. In No. 82–6068 the motion to vacate and remand is CARRIED WITH THE CASE, and that appeal shall be assigned to the oral argument calendar as a Class III case.