[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16135
No. 07-12131
Non-Argument Calendar

_____

D. C. Docket No. 06-00185-CR-TWT-1
D. C. Docket No. 03-00642-CR-WBH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNETTA WARNER-FREEMAN,
a.k.a Miss Williams

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(March 18, 2008)

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Bernetta Warner-Freeman appeals her conviction and sentence for interstate transfer of money taken by fraud in violation of 18 U.S.C. §§ 2314 and 2, and revocation of her term of supervised release pursuant to 18 U.S.C. § 3583. We consolidated her appeals. On appeal, Warner-Freeman contends that the government breached her plea agreement by arguing in support of an upward departure and requesting a sentence at the high-end of the guideline range. Therefore, she argues that she is not bound by the sentence appeal waiver and challenges the district court's application of the Guidelines and the reasonableness of the guideline-range sentences imposed. Even if the government did not breach the plea agreement, Warner-Freeman contends that the sentence appeal waiver is not valid due to the district court's failure to explain and ascertain her understanding of the specific extent, nature, and consequences of the waiver. Further, the sentence appeal waiver did not include the revocation case.

## I.

As an initial matter, we must determine if jurisdiction exists to address Warner-Freeman's revocation case. A notice of appeal must "designate the judgment, order or part thereof appealed from." Fed.R.App.P. 3(c)(1)(B). Ordinarily, the failure to abide by this requirement will preclude the appellate court from reviewing any judgment or order not so specified. McDougald v. Jenson,

786 F.2d 1465, 1474 (11th Cir. 1986). However, Rule 3(c) is liberally construed in favor of the appellant "where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party." Campbell v. Wainwright, 726 F.2d 702, 704 (11th Cir. 1984). The "notice may be adequate when the party's intent to appeal is 'objectively clear' from all of the circumstances." Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006).

It is well settled that an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal. McDougald, 786 F.2d at 1474. This has resulted in the liberal allowance of appeals from orders not expressly designated in the notice of appeal at least where the order was entered prior to or contemporaneously with the order properly designated in the notice of appeal. Id. In a criminal case, a defendant's notice of appeal must be filed in the district court within ten business days after the entry of the judgment or order being appealed. Fed.R.App.P. 4(b)(1)(A)(i), 26(a)(2).

Although Warner-Freeman did not designate the case number for her revocation case, we construe her pro se notice of appeal, designating her criminal case number, to include her revocation case. Accordingly, we conclude that

3

Warner-Freeman timely appealed the revocation of her term of supervised release.

## II.

Normally, we review de novo whether the government has breached a plea agreement. United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998). However, Warner-Freeman did not argue that the government breached the plea agreement to the district court. Where a defendant fails to object to the alleged breach in the district court, we review for plain error in order to prevent manifest injustice. Mahique, 150 F.3d at 1332. We find plain error if: (1) an error occurs; (2) the error is plain; (3) the error affects substantial rights; and (4) "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732-36, 113 S.Ct. 1770, 1777-79 (1993) (internal quotations and citations omitted).

The government is bound by promises it makes to a defendant in order to induce the defendant to plead guilty. United States v. Johnson, 132 F.3d 628, 630 (11th Cir. 1998). In determining whether the government breached the plea agreement, we first determine the scope of the government's promises. Raulerson v. United States, 901 F.2d 1009, 1011 (11th Cir. 1990). Whether or not the government violated the plea agreement is judged according to the defendant's reasonable understanding at the time that he entered his plea. United States v.

4

Taylor, 77 F.3d 368, 370 (11th Cir. 1996). Further, if the defendant's understanding is disputed by the government, the actual terms of the agreement are determined by objective standards. United States v. Rewis, 969 F.2d 985, 988 (11th Cir. 1992).

Because the plea agreement did not prohibit the government from commenting on grounds of departure or from recommending a sentence it judged to be appropriate as Warner-Freeman argues on appeal, the government did not breach the plea agreement. The agreement required the government to dismiss the remaining count, recommend that Warner-Freeman receive reductions for acceptance of responsibility, and state that the amount of loss was in the range of $39,610.95 to %120,000. It permitted the government to inform the court of all facts and circumstances regarding the case and make recommendations regarding the application of the Guidelines. There was nothing in the agreement limiting the government from arguing for a departure. Therefore, Warner-Freeman could not have reasonably understood the government to be foreclosed from commenting on a possible departure, and thus the government did not breach the agreement.

## III.

We review the validity of a sentence appeal waiver provision of a plea agreement de novo. United States v. Weaver, 275 F.3d 1320, 1333 n.21

5

(11th Cir. 2001).

A sentence appeal waiver must be made knowingly and voluntarily and is valid if the government shows either that: (1) the district court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. United States v. Bushert, 997 F.2d 1343, 1350, 1351 (11th Cir. 1993). A sentence appeal waiver is a direct consequence of a guilty plea, encompassed within the third core concern of Rule 11. Id. at 1351. We have rejected the view "that an examination of the text of the plea agreement is sufficient to find the waiver knowing and voluntary." Id. at 1352. Rather, we prefer that the "district court must have engaged the defendant about the sentence appeal waiver during the Rule 11 hearing." Id.

A sentence appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error. United States v. Howle, 166 F.3d 1166, 1169 (11th Cir.1999). Further, the broad language of the waiver may also include any grounds of appeal based on United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). United States v. Grinard-Henry, 399 F.3d 1294, 1296 (2005). Additionally, the waiver may include grounds of ineffective assistance of counsel. Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005).

Because the district court personally addressed Warner-Freeman and

6

confirmed her understanding of the waiver's terms, Warner-Freeman validly and knowingly waived appeal of her criminal conviction and sentence on any ground. Accordingly, we affirm Warner-Freeman's criminal conviction and sentence and dismiss her appeal to the extent its challenges her criminal sentence.

**IV.**

We review the sentence imposed upon the revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006). Where a defendant failed to raise an issue in the district court, however, we review only for plain error. United States v. Peters, 403 F.3d 1263, 1270 (11th Cir. 2005). In this case, Warner-Freeman only objected to the consecutive nature of her revocation sentence, which she does not pursue on appeal. She did not object to the district court's failure to mention specifically 18 U.S.C. § 3553(a)'s factors or to the manner in which the sentence was announced. Id. Thus, the ultimate revocation sentence is reviewed for reasonableness and issues underlying its determination are reviewed for plain error.

Section 3583 of Title 18 of the United States Code provides that a district court may revoke a term of supervised release and impose a sentence of imprisonment for the violation after considering factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7). 18 U.S.C. § 3583(e). The

7

factors of the subparagraphs of § 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed . . . to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed . . . [treatment] . . .; (4) the kinds of sentence and the sentencing range . . .; (5) any pertinent policy statements . . .; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C.A. § 3553(a). We have held that a district court is not required to state that it has explicitly considered each of § 3553(a)'s factors or to discuss each of the factors. United States v. Dorman, 488 F.3d 939, 944 (11th Cir.), cert. denied 128 S.Ct. 427 (2007). Instead, the district court's consideration of the factors may be demonstrated by the record through its consideration of objections, arguments, and reasoning. Id.

Although the Supreme Court in Rita v. United States, 551 U.S. __, 127 S.Ct. 2456 (2007), stated "that a sentence, independently calculated by the district court in accordance with Booker, that falls within the properly calculated Guideline range 'significantly increases the likelihood that the sentence is a reasonable one,'" we do not "presume reasonable a sentence within the properly calculated Guideline range." United States v. Campbell, 491 F.3d 1306, 1313-14 (11th Cir. 2007).

8

For a Class B felony, the district court may not sentence a defendant for more than five years in prison. 18 U.S.C. § 3583(b)(1). Chapter 7 addresses violations of supervised release, contains policy statements, and recommends a sentencing range of 21 to 27 months for a Grade B violation with a criminal history category of VI. U.S.S.G. § 7B1.4.

Based on Warner-Freeman's extensive criminal history, the district court's guideline range sentence of 24 months' incarceration on revoking her term of supervised release was reasonable. Further, Warner-Freeman's aggregate sentence remained less than the maximum sentence which could have been imposed for her criminal conviction. Also, the record demonstrates that the district court considered § 3553(a) factors, although it did not explicitly state that it was doing so. Accordingly, we affirm Warner-Freeman's revocation sentence.

Upon review of the record and the briefs of the parties, we affirm Warner-Freeman's conviction and revocation sentence and dismiss her appeal with respect to her criminal sentence.

**AFFIRMED IN PART, DISMISSED IN PART**[1]

---

[1] Warner-Freeman's request for oral argument is denied.