[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 25, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15171
Non-Argument Calendar

_____

D. C. Docket No. 06-80183-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARRY D. DORVAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 25, 2008)**

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Harry Dorval appeals his sentences of the mandatory minimum 120 months'

imprisonment for two counts of distribution of 50 grams or more of crack cocaine,

in violation of 21 U.S.C. § 841(b)(1)(A).

Dorval was indicted for conspiracy to possess 50 grams or more of crack, in violation of 21 U.S.C. § 846, two counts of distribution of crack and one count of possession with intent to distribute cocaine, in violation of § 841. Dorval pleaded guilty to all counts without a written plea agreement. Over Dorval's objections, the court sentenced Dorval to 120 months' imprisonment on each of the distribution counts, to be served concurrently. The court did not impose sentences for the conspiracy or possession with intent to distribute offenses, and the government failed to bring this omission to the court's attention.

Dorval now appeals his sentences, arguing that the mandatory minimum sentence required under § 841 violates the Fifth and Eighth Amendments.[1] In addition, the government argues that there was plain error in the district court's failure to impose sentence on two counts to which Dorval pleaded guilty.

We review constitutional questions de novo. United States v. Brown, 364 F.3d 1266, 1268 (11th Cir. 2004). Section 841(b)(1)(A) provides, in part, that "any person who violates subsection (a) of this section shall be sentenced as

---

[1] We note that it is unclear that Dorval preserved an Eighth Amendment claim before the district court. Nevertheless, under either plain error or de novo review, Dorval's claim fails. We further note that Dorval does not raise the claim that the disparity between sentences for crack offenses and cocaine offenses violates the Fifth Amendment. In any event, the Supreme Court's recent opinion involving the disparity does not affect statutory mandatory minimum sentences. See Kimbrough v. United States, 128 S.Ct. 558, 571 (2007).

follows . . . to a term of imprisonment which may not be less than 10 years or more than life . . ." 21 U.S.C. § 841(b)(1)(A). This court has held that § 841(b)(1) does not violate equal protection or due process. United States v. Solomon, 848 F.2d 156, 157 (11th Cir. 1988).

The Eighth Amendment, which forbids cruel and unusual punishment, contains a narrow proportionality principal that applies to noncapital sentences. Ewing v. California, 538 U.S. 11, 20, 123 S.Ct. 1179, 1185, 155 L.Ed.2d 108 (2003). The Supreme Court has made it clear that, "[o]utside the context of capital punishment, successful challenges to the proportionality of sentences [are] exceedingly rare." Solem v. Helm, 463 U.S. 277, 289, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983). This court repeatedly has affirmed that the district courts are "bound by the statutory minimums." United States v. Shelton, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005). "Moreover, a sentence which is not otherwise cruel and unusual does not become so simply because it is mandatory." United States v. Raad, 406 F.3d 1322, 1324 (11th Cir. 2005). Thus, Dorval's Fifth Amendment equal protection and Eighth Amendment cruel and unusual punishment arguments are foreclosed by this court's binding precedent, and we affirm his sentences.

We decline to address the government's argument that the court failed to sentence Dorval on two counts. Although a party may raise any argument in

3

support of a judgment, a party who has not appealed may not bring an argument in opposition to a judgment or attack the judgment in any respect, United States v. American Ry. Express Co., 265 U.S. 425, 435-36, 44 S.Ct. 560, 564, 68 L.Ed. 1087 (1924), or "hitch a ride on his adversary's notice of appeal" to "enlarge his rights under the judgment or diminish those of the opposing party." Campbell v. Wainwright, 726 F.2d 702, 704 (11th Cir. 1984); see also Fed. R. App. P. 4(b)(1)(B) ("When the government is entitled to appeal, its notice of appeal must be filed in the district court within 30 days after the later of: (i) the entry of the judgment or order being appealed; or (ii) the filing of a notice of appeal by any defendant."). Thus, by failing to file a cross-appeal, the government has not properly preserved the issue.

AFFIRMED.