[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10025
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:07-cv-01565-BBM

CRYSTAL COMMODORE PIPPEN,

Plaintiff-Appellant,

versus

GEORGIA-PACIFIC GYPSUM, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 14, 2011)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Crystal Commodore Pippen filed pro se a complaint against her former employer, Georgia-Pacific Gypsum LLC, claiming discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a), 2000e–3(a). Pippen committed numerous discovery violations, resulting in multiple court orders compelling her to provide specified information and imposing various monetary and evidentiary sanctions. On October 26, 2009, the district court entered an order holding Pippen in contempt and dismissing her action with prejudice under Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b). Although recognizing it was an extreme remedy, the district court found that dismissal with prejudice was warranted "based on [Pippen's] repeated refusals to provide discovery information, contravention of a clear court order, deceit in denying that she received a copy of [an order dated October 3, 2008 compelling her to attend her reconvened deposition], relitigation of already-decided issues, and continued obstreperousness after the imposition of lesser sanctions." Consistent with its October 26 order, on that same day the district court entered judgment in favor of Georgia-Pacific.

On November 13, 2009, Pippen filed a motion for reconsideration, which the district court denied in a December 3, 2009 order. Pippen filed her notice of

appeal on December 23, 2009, appealing "the judgment of the trial court entered on the 3rd day of December 2009."

## I.

Georgia-Pacific contends that we lack jurisdiction because Pippen's notice of appeal from the October 26, 2009 final judgment was untimely, not having been filed until December 23, 2009. While the motion for reconsideration Pippen filed on November 13, 2009 was labeled a Federal Rule of Procedure 59 motion, we construe it as a Federal Rule of Civil Procedure 60(b) motion. See Finch v. City of Vernon, 845 F.2d 256, 257–59 (11th Cir. 1988) (construing a motion to reconsider that was filed under Rule 60 to be a Rule 59(e) motion); see also Mahone v. Ray, 326 F.3d 1176, 1177–78 n.1 (11th Cir. 2003) (construing an undesignated motion to reconsider as a Rule 60(b) motion). As a Rule 60(b) motion, it operated to toll the time for filing a notice of appeal until it was denied on December 3, 2009 because it was timely filed on November 13, 2009. Fed. R. App. P. 4(a)(4)(A)(vi) ("If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs . . . from the entry of the order disposing of the last such remaining motion . . . for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered."). The filing of the notice of appeal on December 23, 2009 was timely because it was

3

filed within 30 days of the denial of the motion for reconsideration. Fed. R. App. P. 4(a)(1)(A), 4(a)(4)(A)(vi).

Georgia-Pacific also contends that because the pro se notice of appeal failed to expressly "designate the judgment, order or part thereof being appealed," Federal Rule of Appellate Procedure 3(c)(1)(B) confines our review to the reconsideration order and places the judgment itself and all orders leading up to it outside of this Court's jurisdiction. But we "liberally construe the requirements of Rule 3." KH Outdoor, LLC v. City of Trussville, 465 F.3d 1256, 1260 (11th Cir. 2006) (quoting Smith v. Barry, 502 U.S. 244, 248, 112 S.Ct. 678, 681 (1992)). Doing so allows judgments and orders that are not expressly designated to be reviewed "where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party." Campbell v. Wainwright, 726 F.2d 702, 704 (11th Cir.1984). And when we have jurisdiction over a final judgment, we also have jurisdiction over all earlier interlocutory orders that produced the judgment. Barfield v. Brierton, 883 F.2d 923, 931 (11th Cir. 1989).

The notice of appeal sufficiently shows an intent to appeal the October 26, 2009 judgment because it expressly mentions "judgment" and asserts that "because the dismissal was with prejudice, it can be appealed." No prejudice to Georgia-Pacific will result from our construction of the notice of appeal to include

the final judgment because Georgia-Pacific has fully briefed the merits of the district court's final judgment, dismissal order, and the interlocutory orders that Pippen challenges.[1]

## II.

Turning to the merits of Pippen's appeal, she appears to contend that the district court improperly ruled on two motions in an interlocutory order dated June 10, 2009—the grant of Georgia-Pacific's motion to compel and for sanctions and the denial of Pippen's motion to disqualify;[2] improperly held her in contempt and dismissed her case in its October 26, 2009 final judgment and order; and improperly denied her motion for reconsideration.

## A.

---

[1] Georgia-Pacific also contends we have no jurisdiction to review the order denying Pippen's motion for reconsideration. It argues that the district court lacked power under Federal Rule of Civil Procedure 6 to extend time limits on filing and decide the motion. Fed. R. Civ. P. 6(b)(2). And because of that we have no jurisdiction to review that order.

Rule 6(b)(2), however, is a claims-processing rule and does not affect the scope of our jurisdiction. Advanced Bodycare Solutions, LLC v. Thione Intern., Inc., 615 F.3d 1352, 1359 (11th Cir. 2010). Because Georgia-Pacific alternatively argues that the decision on the merits of the reconsideration order was within the district court's discretion and we agree, we need not address its objection regarding the district court's lack of claims-processing power.

[2] Pippen has abandoned any arguments about the other rulings in the June 10, 2009 order by failing to challenge those specific rulings in her appeal. See Denney v. City of Albany, 247 F.3d 1172, 1182 (11th Cir. 2001).

We review rulings on motions to compel and for sanctions under Federal Rule of Civil Procedure 37(a)(2) only for an abuse of discretion. As we have already mentioned, Pippen committed various violations of discovery requests and orders including repeated refusals to fully answer interrogatories and deposition questions pertaining to discoverable information. The district court did not abuse its discretion in granting that motion.

Pippen's "motion to disqualify" was also properly denied. Pippen argues that because the magistrate judge and the principal counsel in Georgia-Pacific's litigation department teach adjunct at the same university, recusal of the magistrate judge is required. Under 28 U.S.C. § 144, a judge must recuse herself when a party "files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice . . . in favor of any adverse party." 28 U.S.C. § 144. To warrant recusal, "the moving party must allege facts that would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000). Under § 455(a), a judge must "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This Court looks to "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Parker v. Connors

6

Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988).  Teaching as an adjunct at the same university would not, without more, convince a reasonable person that bias exists or create doubt about impartiality to a disinterested lay observer.

B.

We also review orders granting motions for contempt under Rule 37(b)(2) and orders granting motions to dismiss with prejudice under Rule 37(b)(2) and 41(b) only for an abuse of discretion.  Betty K. Agencies Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005); see also Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1305 (11th Cir. 1991).  Dismissal under those rules, while an extreme sanction, is appropriate where "a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and the district court specifically finds that lesser sanctions would not suffice."  Betty K. Agencies Ltd., 432 F.3d at 1337–38.  As we have already mentioned, Pippen has engaged in a "clear pattern" of "contumacious conduct" by repeatedly refusing to provide discoverable information, contravening clear court orders, deceitfully denying receipt of a court order, and regularly rehashing already-decided issues.  The district court also specifically found that given Pippen's "continued obstreperousness" in the face of lesser sanctions, imposing lesser sanctions would

be an exercise in futility.  The district court did not abuse its discretion by holding Pippen in contempt or by dismissing Pippen's action with prejudice.

C.

Finally, we review a district court's denial of a motion for reconsideration only for an abuse of discretion.  Because Pippen identified no newly-discovered evidence or manifest errors of law or fact and merely attempted to relitigate matters the district court had already decided, that court did not abuse its discretion in denying Pippen's motion for reconsideration.  See Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam).

**AFFIRMED.**