[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14051
_____

D. C. Docket No. 2:09-cr-00094-JES-SPC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SCOTT FAWCETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 24, 2013)

Before CARNES, HULL and FAY, Circuit Judges.

PER CURIAM:

In 2009, Defendant Scott Fawcett pled guilty to aiding and abetting loan and

credit application fraud and was sentenced to 41 months' imprisonment. In 2011,

the government filed a Federal Rule of Criminal Procedure 35(b) motion to reduce Fawcett's sentence for providing substantial assistance. The government's Rule 35(b) motion requested a two-level offense reduction which the government said yielded a guidelines range of 27 to 33 months. On June 30, 2011, the district court granted the motion and reduced Fawcett's sentence to 30 months' imprisonment.

A day later, the district court discovered that the government had used the wrong guidelines range for a two-level reduction. The district court vacated its June 30 order and issued a new July 1 order imposing a 35-month sentence within the correct guidelines range of 33 to 41 months.

On appeal, Fawcett contends that the district court lacked authority to correct his sentence on July 1 and change it from 30 to 35 months. He also argues, for the first time on appeal, that: (1) the government violated his plea agreement; and (2) an evidentiary hearing was required on the substantial assistance motion. Before addressing Fawcett's arguments, we outline the complicated procedural history in order to determine what we have jurisdiction over in this case.

## I. BACKGROUND

### A.    Fawcett's Plea Agreement and Sentence

A one-count information charged Scott Fawcett with aiding and abetting loan and credit application fraud, in violation of 18 U.S.C. §§ 1014 and 2. In 2009, Fawcett pled guilty and entered into a plea agreement with the government

2

wherein he agreed "to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify . . . fully and truthfully" in any subsequent federal court or grand jury proceeding.

If Fawcett's cooperation was completed subsequent to sentencing, the government agreed to consider whether the cooperation warranted "the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b)." The government promised to "make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent." But Fawcett's plea agreement acknowledged that "the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida." Fawcett agreed that he would "not challenge that determination, whether by appeal, collateral attack, or otherwise."[1]

At sentencing, Fawcett's total offense level of 22 and a criminal history category of I yielded a guidelines range of 41 to 51 months' imprisonment. The district court sentenced Fawcett to 41 months' imprisonment and entered a

---

[1]About three months later, the government discovered that it had recited the wrong elements of the offense in the plea agreement. Fawcett agreed to an addendum to the plea agreement reciting the correct elements of the offense. Neither the addendum nor the elements of Fawcett's offense of conviction are at issue in this appeal.

judgment on the same day.[2]

## B.    Government's Substantial Assistance Motion

Subsequently, the government moved, under Federal Rule of Criminal Procedure 35(b), to reduce Fawcett's sentence based on his substantial assistance in testifying in United States v. Debra Landberg.  The government recommended "a 2-level departure placing the defendant in a guideline range of 27 – 33 months." Fawcett did not respond to the Rule 35(b) motion and did not request an evidentiary hearing.

## C.    Amended Judgment Reducing Fawcett's Sentence

In a June 30, 2011 order, the district court: (1) granted the Rule 35(b) motion; (2) observed that a two-level reduction in Fawcett's offense level resulted in a new guidelines range of 27 to 33 months; and (3) directed the clerk to enter an amended judgment reducing Fawcett's sentence to 30 months' imprisonment.

The next day (July 1, 2011), and prior to the entry of an amendment to the judgment, the district court realized that the government's proposed guidelines range of 27 to 33 months was incorrect, and that in actuality, a two-level reduction produced a guidelines range of 33 to 41 months.[3]  Accordingly, in a July 1, 2011

---

[2]A corrected judgment was entered on May 6, 2010, to reflect certain restitution amounts determined after Fawcett's sentencing.

[3]This guidelines range resulted from a total offense level of 20 (a two-level reduction from Fawcett's original total offense level of 22) and a criminal history category of I.  See U.S.S.G. ch. 5, pt. A, Sentencing Table.

4

order, the district court sua sponte vacated its June 30, 2011 order, explaining that it had relied upon the incorrect guidelines range provided in the government's Rule 35(b) motion.  Using the correct guidelines range of 33 to 41 months, the district court granted the Rule 35(b) motion and imposed a sentence of 35 months' imprisonment.

On July 11, 2011, the district court signed and entered an amended judgment, reflecting Fawcett's new 35-month sentence.

**D.     Fawcett's July 19 Motion for Reconsideration or Correction of Sentence**

On July 19, 2011, Fawcett, with counsel, filed a "Motion for Reconsideration or Correction of Sentence."  Fawcett's motion argued that on July 1 the district court lacked jurisdiction to increase Fawcett's sentence.  Fawcett contended that once the district court granted the government's Rule 35(b) motion and imposed the 30-month imprisonment sentence on June 30, 2011, even pursuant to an erroneous guidelines range, the district court "was without power or authority to increase [Fawcett's] previously reduced sentence from 30 to 35 months" on July 1.  Although conceding that Rule 35(a) permits a district court to correct a sentence that "resulted from arithmetical, technical, or other clear error," Fawcett argued that a district court's consideration of an incorrect sentencing guidelines range is not such an error.  Fawcett's July 19 motion asked the district court to "reinstat[e] the 30 month incarceration" sentence.

5

**E.     District Court's July 26 Order**

In a July 26, 2011 order, the district court granted in part and denied in part Fawcett's Motion for Reconsideration or Correction of Sentence.  As to jurisdiction, the district court granted reconsideration but then concluded that, on July 1, 2011, it had jurisdiction to correct Fawcett's sentence from 30 to 35 months.

The district court observed that "[t]he government's motion was factually and technically incorrect when it asserted that a two level departure would result in a new Sentencing Guidelines range of 27-33 months," and "[d]efense counsel failed to correct this factual error."  In light of the government's sentencing table error, the district court noted that: (1) under Rule 35(a), a court has jurisdiction to correct a sentence that resulted from "arithmetical, technical, or other clear error" within 14 days after sentencing;[4] and (2) under Rule 36, a court may correct an error in the record arising from oversight or omission.[5]  Concluding that it had jurisdiction to change Fawcett's sentence from 30 to 35 months, the district court denied Fawcett's motion to correct his sentence.

**F.     Fawcett's Notice of Appeal and Motion to Extend Time**

---

[4]Federal Rule of Criminal Procedure 35(a) states that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

[5]Federal Rule of Criminal Procedure 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

On August 26, 2011 (and 31 days after the district court's July 26 order), Fawcett, pro se, moved to extend the time to file a notice of appeal from "the [July 26] Order denying Defendant's Motion for Reconsideration o[r] Correction of Sentence." Fawcett's motion argued that he had shown good cause for the extension because: (1) while he was so far unsuccessful in obtaining new counsel, he hoped to obtain counsel soon; (2) he was unaware of the 14-day time limit for filing the appeal; and (3) the extension would cause no prejudice or inconvenience.

Fawcett also enclosed a notice of appeal, which stated his intent to appeal "from the Order denying Defendant's Motion for Reconsideration o[r] Correction of Sentence, entered in this action on the 26th day of July, 2011." A copy of the district court's July 26, 2011 order was attached to Fawcett's notice of appeal.

On August 30, 2011, the district court granted Fawcett's motion and accepted his August 26 notice of appeal as "timely filed." The district court observed that a notice of appeal in a criminal case must be filed within 14 days of the entry of either the judgment or order being appealed, but a district court may "[u]pon a finding of excusable neglect or good cause," "extend the time to file a notice of appeal for a period not to exceed 30 days from" the time otherwise provided in Federal Rule of Appellate Procedure 4(b). Fed. R. App. P. 4(b)(4). The district court granted Fawcett's motion for an extension and deemed his August 26 notice of appeal as timely filed. The district court gave two reasons: (1)

7

the motion for an extension of time was filed within the requisite 30 days;[6] and (2) good cause was "shown in light of defendant's pro se status."

## II.  GOVERNMENT'S MOTION FOR PARTIAL DISMISSAL OF APPEAL

In this Court, the government moved for a partial dismissal of Fawcett's appeal because Fawcett's notice of appeal did not reference the district court's July 1 order and July 11 amended judgment "correcting" Fawcett's sentence and was otherwise untimely as to that order and judgment.  The government argues Fawcett's appeal can proceed only as to the July 26 order denying his Motion for Reconsideration or Correction of Sentence.

In response, Fawcett urges us to construe his pro se notice of appeal as encompassing the district court's: (1) July 26 order; (2) July 1 order granting the Rule 35(b) motion and resentencing Fawcett to 35 months' imprisonment; and (3) July 11 amended judgment imposing that 35-month sentence.[7]

Pursuant to Federal Rule of Appellate Procedure 3(c)(1)(B), a notice of appeal must designate the judgment or order being appealed.  "Although we generally construe a notice of appeal liberally, we will not expand it to include judgments and orders not specified unless the overriding intent to appeal these

---

[6]This is incorrect.  Fawcett's motion to extend was filed August 26, 2011, 31 days after the district court entered the July 26, 2011 order.  See Fed. R. App. P. 26(a)(1).

[7]We must resolve jurisdictional issues before addressing the merits of the underlying claims, and we review all questions of jurisdiction de novo.  United States v. Cartwright, 413 F.3d 1295, 1299 (11th Cir. 2005).

orders is readily apparent on the face of the notice." Osterneck v. E.T. Barwick Indus., Inc., 825 F.2d 1521, 1528 (11th Cir. 1987). Nonetheless, when an appellant designates an order denying a post-judgment motion in the notice of appeal, the scope of appeal may extend to the underlying judgment or order. See Kicklighter v. Nails by Jannee, Inc., 616 F.2d 734, 738–39 n.1 (5th Cir. 1980).[8] In Kicklighter, a panel of the Fifth Circuit held that an appeal from the denial of a motion for judgment notwithstanding the verdict encompassed an appeal of the judgment itself and observed that "an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal." Id. at 738–39 n.1 (internal quotation marks omitted).

Here, it was Fawcett's overriding intent to appeal the district court's underlying July 1 order changing Fawcett's sentence to 35 months and the July 11 amended judgment imposing it. Any analysis of whether the district court's July 26 order correctly denied Fawcett's July 19 Motion for Reconsideration or Correction of Sentence would necessarily require an analysis of whether the district court acted properly on July 1 to "correct" the sentence to 35 months in the first place and on July 11 to enter the amended judgment.

The government argues that White v. State Farm Fire & Casualty Co., 664

---

[8]All decisions of the former Fifth Circuit announced prior to October 1, 1981 are binding precedent in this circuit. See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

9

F.3d 860 (11th Cir. 2011), controls the question here, but that civil case is materially distinguishable. In <u>White</u>, the plaintiff's notice of appeal referenced only the district court's order granting the defendant's motion for reconsideration. In that order, the district court reconsidered its analysis of the plaintiff's <u>breach of contract claim</u> and granted summary judgment in favor of the defendant on that claim. <u>Id.</u> at 864. The district court did not address or reconsider the portions of its prior order dismissing the plaintiff's bad faith or fraud claims. Consequently, this Court had no jurisdiction to consider an appeal from the district court's decisions on the plaintiff's bad faith and fraud claims. <u>Id.</u> In contrast here, Fawcett's motion for reconsideration addressed the only issue and judgment possible: the 35-month sentence.

Importantly, appellate consideration of the district court's underlying July 1 and 11 rulings will not prejudice the government. It was clear from Fawcett's appellate brief that he wished to appeal the district court's corrected 35-month sentence, and both parties fully briefed the issues Fawcett seeks to raise in this appeal. <u>See, e.g.</u>, <u>KH Outdoor, LLC v. City of Trussville</u>, 465 F.3d 1256, 1260 (11th Cir. 2006) (finding that appellant clearly intended to appeal district court order, despite appellant's failure to include that order in the notice of appeal; appellant's brief addressed only the issues in that order and because both parties fully briefed the issues, the appellee suffered no prejudice if the notice of appeal

10

were construed to include the order); Campbell v. Wainwright, 726 F.2d 702, 704 (11th Cir. 1984) (noting that this Court will liberally construe the notice of appeal in favor of the appellant "where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party").

Accordingly, we construe Fawcett's pro se August 26 notice of appeal to include the district court's underlying July 1 order and the July 11 amended judgment imposing Fawcett's 35-month sentence.

The closer question is whether Fawcett's appeal—construed to include the July 1 order and July 11 amended judgment—is timely.

### III. THE TIMELINESS OF FAWCETT'S APPEAL

The government also moved to partially dismiss Fawcett's appeal because his August 26 notice of appeal was untimely as to the underlying July 1 order and July 11 amended judgment.

A party may appeal a judgment or order in a criminal case within 14 days of the entry of the judgment or order. Fed. R. App. P. 4(b)(1)(A).[9] Here, Fawcett's time to appeal the July 11 amended judgment expired on July 25, 2011. See id.

As noted above, the time to file a notice of appeal may be extended to a time not more than 30 days from the expiration of the 14-day time limit "[u]pon a

---

[9]We note that while the deadlines in Rule 4(b) are not jurisdictional, we must apply Rule 4(b)'s time limits because the government has objected to the timeliness of Fawcett's appeal. See United States v. Lopez, 562 F.3d 1309, 1311–14 (11th Cir. 2009).

11

finding of excusable neglect or good cause." Fed. R. App. P. 4(b)(4). Even using both the 14-day and 30-day periods, Fawcett's time to file a notice of appeal from even the later July 11 amended judgment expired on August 24, 2011. See id. Fawcett's notice of appeal was filed two days later, on August 26, and was not timely as to either the July 1 order or July 11 amended judgment unless some tolling occurred. Fawcett's Motion for Reconsideration or Correction of Sentence, filed on July 19, is the only potential candidate for tolling.

The government argues that Fawcett's July 19 motion did not toll the appeal period because: (1) the motion expressly relied on Rule 35(a), which cannot toll the appeal period; (2) while motions for reconsideration may toll the appeal period, a party cannot evade the Rule 35(a) restrictions by characterizing a Rule 35(a) motion as seeking "reconsideration" of a sentence; and (3) Fawcett's motion was cognizable, if at all, only under Rule 35. Fawcett's August 26 notice of appeal was not timely as to the July 1 order or the July 11 amended judgment, and thus we must dismiss any appeal as to that order or amended judgment.

Under Federal Rule of Appellate Procedure 4(b)(3), three motions will toll the time to appeal in a criminal case: (1) a Rule 29 motion for judgment of acquittal; (2) a Rule 33 motion for new trial; and (3) a Rule 34 motion for arrest of judgment. Fed. R. App. P. 4(b)(3)(A). Although not expressly authorized by the Federal Rules of Criminal or Appellate Procedure, there is a fourth option

12

recognized by case law: a motion for reconsideration of an appealable criminal order will toll the time for filing a notice of appeal, and the time will begin to run anew if such motion is filed within the appeal period. See United States v. Dieter, 429 U.S. 6, 8–9, 97 S. Ct. 18, 19–20 (1976); United States v. Vicaria, 963 F.2d 1412, 1413–14 (11th Cir. 1992). This might help Fawcett except for the facts that: (1) Fawcett's motion specifically invoked Rule 35(a) as a basis; and (2) the Federal Rules expressly provide that "[t]he filing of a motion under [Rule] 35(a) does not suspend the time for filing a notice of appeal from a judgment of conviction." Fed. R. App. P. 4(b)(5).

Therefore, we conclude that Fawcett's July 19 "Motion for Reconsideration or Correction of Sentence" is a Rule 35(a) motion that may not be used to toll the applicable appeal period. Importantly too, the sole relief sought in his July 19 motion was relief that may only be granted pursuant to Rule 35(a): modification of his imprisonment sentence from 35 to 30 months. See 18 U.S.C. § 3582(c)(1)(B); United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010) ("The unambiguous language of § 3582(c)(1)(B) indicates that, absent other express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35."). Fawcett cannot recast what is essentially a Rule 35(a) motion as a tolling motion for reconsideration in order to evade the strictures of 18 U.S.C. § 3582 and Rule 35. See Phillips, 597 F.3d at 1195; see also United States

13

v. Dotz, 455 F.3d 644, 648 (6th Cir. 2006) (rejecting defendant's "creative characterization" of his Rule 35(a) motion as a motion for reconsideration and concluding that "[i]n the sentencing context, there is simply no such thing as a 'motion to reconsider' an otherwise final sentence" given the limited circumstances under § 3582(c) in which a sentence can be modified).[10]

The bottom line is Fawcett's July 19 motion was not a tolling motion. As a result, even with an additional 30 days as provided in Rule 4(b)(4), his appeal of the July 1 order was due August 15 and his appeal of the July 11 amended judgment was due August 24. Fawcett's August 26 notice of appeal was untimely and accordingly we grant the government's motion to dismiss his appeal as to the July 1 order and July 11 amended judgment.[11]

## IV. JULY 26 ORDER

---

[10]Fawcett claims that United States v. Russo, 760 F.2d 1229 (11th Cir. 1985) (per curiam), supports his argument that a timely motion for reconsideration can toll the time to appeal an order denying or granting a Rule 35 motion. See id. at 1230. But as we have determined, Fawcett's July 19 motion was a Rule 35 motion. See Phillips, 597 F.3d at 1194–95, 1199–1200; Dotz, 455 F.3d at 648. The current Federal Rules explicitly state that a Rule 35 motion may not be used to toll the appeal period. See Fed. R. App. P. 4(b)(5). And in any event, in Russo, the defendant sought to appeal the district court's denial of Rule 35 relief, unlike here, where the district court initially granted Rule 35 relief and Fawcett's "motion for reconsideration" therefore asks to correct a resentencing error. Thus, Russo does not help Fawcett.

[11]Consequently, we must also dismiss Fawcett's claims on appeal that: (1) the government violated his plea agreement; and (2) an evidentiary hearing was required on the substantial assistance motion. These claims relate only to the district court's July 1 order, granting the government's substantial assistance motion, which Fawcett did not timely appeal. In addition, Fawcett never raised these issues before the district court, even in his July 19 motion which was timely appealed. Thus, we decline to consider these issues.

14

## A.    14-Day Time Limit on Correcting Sentences

While we determine that Fawcett's appeal of the July 26 order is timely, yet another complicated question arises because the district court did not rule on Fawcett's July 19 Motion for Reconsideration or Correction of Sentence until July 26, which was more than 14 days after entry of the July 1 order (correcting Fawcett's sentence) and the July 11 amended judgment (finalizing it). This creates the question of whether on July 26 the district court still retained jurisdiction to act.

We say this because under Rule 35(a), a district court may, "[w]ithin 14 days after sentencing, . . . correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Additionally, we have held that Rule 35(a)'s 14-day time limit in which a district court may act to correct a sentence is jurisdictional. United States v. Diaz-Clark, 292 F.3d 1310, 1317 (11th Cir. 2002); see also Phillips, 597 F.3d at 1196–97. This jurisdictional limitation extends to the district court's authority to rule outside that time limit on an otherwise timely-filed Rule 35(a) motion. See United States v. Higgs, 504 F.3d 456, 458–59, 464 (3d Cir. 2007) (concluding that the district court was without jurisdiction to deny a Rule 35(a) motion for reduction of sentence outside the Rule 35(a) time limit, even when the defendant timely filed the Rule 35(a) motion); United States v. Shank, 395 F.3d 466, 470 (4th Cir. 2005) (concluding that, although the defendant filed a Rule 35 motion within the then-seven day limit of Rule 35(a), the district court

15

lacked jurisdiction to deny the motion five months after sentencing).

We recognize that Fawcett's July 19 motion was filed within 14 days of the district court's July 11 amended judgment.  But even if only the July 11 amended judgment started the 14-day clock under Rule 35(a),[12] the district court did not act on the July 19 motion until July 26, and at that time the district court lacked jurisdiction to alter Fawcett's sentence any further.

Accordingly, to the extent the district court's July 26 order denied Fawcett's July 19 motion to correct his sentence under Rule 35, we affirm the district court's denial of that motion because the district court lacked jurisdiction, in any event, to grant Rule 35 relief on July 26.  Cf. Cani v. United States, 331 F.3d 1210, 1216 (11th Cir. 2003) (construing a dismissal as a denial because the district court possessed subject matter jurisdiction and should have denied the defendant's motion on the merits).

## B.    Jurisdiction to Consider Jurisdiction

Although this would seem to end the matter, it doesn't.  There is yet one more procedural ripple in the Fawcett pond.  By its terms, the jurisdictional limitation in Rule 35(a) only prohibits the district court from changing a sentence outside the 14-day window.  It does not prevent the district court from

---

[12]Fawcett's "sentencing" for purposes of Rule 35 more likely occurred on July 1, when the district court entered its order granting the government's substantial assistance motion and correcting Fawcett's sentence.  See Phillips, 597 F.3d at 1199 n.20.

16

reconsidering its jurisdiction, an issue a district court may consider <u>sua sponte</u>. <u>See</u> <u>United States v. Hays</u>, 515 U.S. 737, 742, 115 S. Ct. 2431, 2435 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction." (internal quotation marks omitted)). As the district court explicitly stated in its July 26 order, "[b]ecause defendant raises a jurisdictional issue, the Court grants reconsideration." Indeed, the focus of the district court's July 26 order was arguably a reconsideration of whether it even had jurisdiction to correct Fawcett's sentence on July 1, and not solely whether Fawcett was otherwise entitled to Rule 35 relief.

To the extent the district court in the July 26 order reconsidered whether it had jurisdiction to correct Fawcett's sentence on July 1, the district court did not err in concluding it had such jurisdiction on July 1.

As we explained in <u>United States v. Lett</u>, 483 F.3d 782 (11th Cir. 2007), "[t]he authority to correct a sentence under [Rule 35(a)] is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence." <u>Id.</u> at 787 (internal quotation marks omitted). We stated that cases have further defined what constitutes "clear error" under Rule 35(a) as "those obvious errors that result in an illegal sentence or that are sufficiently clear that they would . . . 'almost certainly result in a remand of the case to the trial court for further action.'" <u>Id.</u> at 788 (quoting Fed. R. Crim. P. 35 advisory committee's

17

note).  Rule 35(a) is "not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence."  Id. (internal quotation marks omitted).

Contrary to Fawcett's assertions, the district court here "did not simply change its mind; nor did it simply reconsider its calculations under the appropriate guidelines."  See United States v. Yost, 185 F.3d 1178, 1181 (11th Cir. 1999).  Rather, it imposed the 35-month sentence on July 1 because the district court determined that the sentence on June 30 was imposed in reliance on the wrong guidelines range.  Cf. id.  A quick reference to the U.S. Sentencing Guidelines Sentencing Table made the error obvious, as a two-level departure resulted in a guidelines range of 33 to 41 months, not 27 to 33 months.  And the district court acted well within the time frame imposed by Rule 35(a), correcting the sentence the day after the erroneous sentence was ordered and even prior to the entry of judgment.  The district court did not err in concluding that it had jurisdiction under Rule 35(a) to impose Fawcett's 35-month sentence on July 1, 2011.

## V.  CONCLUSION

For these reasons, we grant the government's motion and dismiss Fawcett's appeal as to the district court's July 1 order and July 11 amended judgment.  We affirm the district court's July 26 order denying Fawcett's Motion for

18

Reconsideration or Correction of Sentence.

**AFFIRMED IN PART; DISMISSED IN PART.**